**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy Dean CARPENTER,**
**Defendant–Appellant.**

**No. 06–30201.**

United States Court of Appeals,
Ninth Circuit.

---

**518**

Submitted Feb. 8, 2007.*

Filed Feb. 20, 2007.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges and EZRA,** District Judge.

### MEMORANDUM ***

Jimmy Dean Carpenter appeals the district court's decision not to depart downward pursuant to U.S.S.G. § 5K1.1 for substantial assistance. We affirm.

Before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court's decision not to depart downward pursuant to § 5K1.1 would have been unreviewable because it is clear from the sentencing hearing transcript that the court knew it had the legal authority to depart but exercised its discretion not to do so. *See United States v. Hanna*, 49 F.3d 572, 576 (9th Cir.1995).

After *Booker*, the scheme of upward and downward departures has been "essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir.2006). But even if this court now has jurisdiction to review the district court's decision not to depart downward as part of a reasonableness review, Carpenter's appeal must fail because he did not specifically and distinctly argue that his sentence was unreasonable in his opening brief. *See Oficers for Justice v. Civil Serv. Comm'n of S.F.*, 979 F.2d 721, 726 (9th Cir.1992).

Even if Carpenter had challenged the reasonableness of his sentence, we would affirm the district court because the sentence was reasonable. The district court properly calculated the Guidelines range and considered the appropriateness of that range as applied to Carpenter in light of the statutory factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 770 (9th Cir.2006). The district court reasonably concluded that a sentence of 1,320 months was needed to protect the public from further crimes of the defendant and to reflect the seriousness of the offense.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.